## Garfield Smokeless Coal Company's Appeal.

*Ernest Stewart*, for appellant; *James W. Mack* and *Fee & Tomb*, contra.

LANGHAM, P. J., Jan. 14, 1930.—This case came on to be heard by the taking of testimony in open court, and the following undisputed facts were developed:

Appellant is the owner of a coal operation in West Wheatfield Township, and, in addition thereto, owns 539 acres of land known as the George Leuffer tract. This particular tract is separated by several miles from the appellant's coal operation and is not a part thereof. It is claimed that it was purchased because the appellant needed for its coal operation another tract of coal owned by Leuffer, who refused to sell unless the appellant would also purchase this 539 acres. It was further claimed that the sole value of this tract was in its timber and that the timber has been sold. This appeal arises from the fact that while the Leuffer land is assessed at $15 per acre, the coal under it is separately assessed at $45 per acre, and the appeal is from the $45 per acre assessment upon the 539 acres.

The contention on the part of the appellant is that "the assessor had no right to assess the land of the Leuffer tract and the coal separately." Following the decision of the Supreme Court in the case of City of Scranton v. Gilbert, 16 W. N. C. 28, wherein it is held, "if the title to the surface and to the coal be owned by one person, they cannot be separately valued and separately assessed," judgment will be entered in favor of the appellant.

It is argued by appellee that the method of assessment was only to arrive at the proper valuation, but the case upon which we rely decides in effect that the assessment as made was without statutory authority, and, therefore, void. The 539 acres should have been assessed as land.

And now, Jan. 14, 1930, upon due consideration, the appeal is sustained and judgment directed to be entered in favor of the Garfield Smokeless Coal Company.

From James L. Jack, Indiana, Pa.